**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-50023
Summary Calendar

LILLIAN MARIC,

Plaintiff-Appellee,

VERSUS

KVIA-TV/MARSH MEDIA OF EL PASO,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(EP-95-CV-77)

July 12, 1996

Before GARWOOD, WIENER, and PARKER, Circuit Judges.

PER CURIAM[1]:

The plaintiff was a news anchor for the defendant television station. After her employment was terminated, the plaintiff filed a racial and national origin discrimination claim against the defendant. The jury found for the plaintiff on her racial discrimination claim and also awarded her punitive damages. The

---

[1]Pursuant to Local Rule 47.5, the court has determined that this opinion should be unpublished.

defendant filed a post-trial motion for judgment as a matter of law or, in the alternative, motion for new trial. The district court denied the motion.

On appeal, the defendant argues that the denial of its motion for judgment as a matter of law was error. We have reviewed the record and the thorough order of the district court and AFFIRM the district court's order for essentially the reasons stated therein.

The defendant further argues on appeal that the district court improperly instructed the jury on burdens of proof. A party objecting on appeal to a district court's jury instructions must show that the jury charge as a whole created "substantial and ineradicable doubt" as to whether the jury was properly guided in its deliberations and that the challenged instruction could have affected the outcome of the case. *F.D.I.C. v. Mijalis*, 15 F.3d 1314, 1318 (5th Cir. 1994). The defendant has not met this burden.

The defendant next argues that the district court erred by admitting into evidence certain hearsay remarks and committed plain error by failing to give a limiting instruction on such hearsay evidence. The admission of evidence is within the sound discretion of the district court, and absent proof of abuse, we will not disturb a district court's evidentiary ruling. *Jon-T Chem., Inc. v. Freeport Chem. Co.*, 704 F.2d 1412, 1417 (5th Cir. 1983); *see United States v. Abel*, 469 U.S. 45 (1984). The admission of the testimony in question was not an abuse of discretion.

Last, the defendant argues that the district court committed plain error by gratuitously interjecting a prejudicial remark. Specifically, the district judge stated, "Let the record show it's okay to lie to the newspaper or to a TV station." The defendant never objected to the comment, and in context, the remark did not constitute plain error.

Accordingly, the judgment of the district court is AFFIRMED.